IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

**UNITED STATES OF AMERICA**,

v.

**REALITY LEIGH WINNER**,

Defendant.

**CASE No. 1:17-MJ-00024-BKE**

## MOTION FOR PRODUCTION OF JENCKS MATERIAL IN ADVANCE OF TRIAL

NOW COMES Defendant **Reality Leigh Winner**, by and through her counsel, and, pursuant to the Federal Rules of Criminal Procedure 26.2 for an Order requiring the Government to produce all Jencks material in advance of trial. In support of said Motion, Defendant shows unto the Court the following:

Federal Rules of Criminal Procedure 26.2 and Title 18 USC § 3500, indicate that the Government is not required to produce statements of witnesses who testify on the Government's behalf until the conclusion of its direct examination. Notwithstanding the above, Defendant respectfully submits that the production of statements of government witnesses at trial will substantially impair the ability of Defendant to adequately defend himself and to prepare an effective cross-examination. Defendant requests that the Government be required to produce Jencks material at this time. The purpose underlying the Jencks Act is to insure fairness in the criminal process. See *Campbell vs. United States*, 373 U.S. 487, 496-497 (1963). The request being made here has been anticipated by the Supreme

Court and it is precisely for that reason that Defendant herein makes this request. *United States vs. Agnello*, 393 U.S. 348, 356 (1969) ("It may be that in some situations, denial of production of a Jencks Act type of a statement might be a denial of a Sixth Amendment right").  Furthermore, some Circuit courts have encouraged prosecutors to disclose Jencks Act material prior to trial, stating that such pretrial disclosure constitutes a salutary practice.  *United States vs. Campagnuolo*, 592 F.2d 852 (5th Cir. 1979).  Additionally, authority exists for not literally applying the time dictates of the Jencks act where there are countervailing constitutional considerations such as the denial of due process and the effective assistance of counsel in a complex case.  See *United States v. Narciso*, 446 F. Supp. 252, 270 (E.D. Mich. 1977).  Strict compliance with the literal time requirements contained within the Jencks Act creates the potential for repeated recesses.  This will interfere with the fair and proper administration of justice.  See *United States vs. Goldberg*, 336 F. Supp. 1 (D. Pa. 1971).  Moreover, as the Court recognized in *United States v. Narciso*, "an overly strict adherence to the Jencks Act raises potential deprivations of due process and effective assistance of counsel." 446 F. Supp. 252, 270 (E.D. Mich. 1977).  Defendant requests that this Honorable Court exercise its inherent power to require early production of Jencks Act material so as to facilitate an orderly presentation of the Government's case.

WHEREFORE, Defendant respectfully requests this Honorable Court to order the Government to produce Jencks material at this time.

Respectfully submitted this 7th day of June, 2017.

TITUS T. NICHOLS

| | |
|---|---|
| John C. Bell, Jr. | /s/*Titus T. Nichols* |
| **BELL & BRIGHAM** | Georgia Bar No. 870662 |
| 457 Greene Street | |
| Augusta, GA 30901 | |
| 706-722-2014 / Fax: 706-722-7552 | /s/John C. Bell, Jr. |
| Titus@BellBrigham.com | Georgia Bar No. 048600 |
| John@BellBrigham.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date entered above I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all interested persons.

*/s/Titus T. Nichols*

*/s/ John C. Bell, Jr.*

*Counsel for Defendant*